IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| JOHN HOLLIMAN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 15-cv-09050 |
| | ) | |
| v. | ) | Judge Gettleman |
| | ) | Magistrate Judge Kim |
| COOK COUNTY, ILLINOIS, | ) | |
| THE SHERIFF OF COOK COUNTY, | ) | |
| ILLINOIS, former Cook County Sheriff | ) | |
| Deputy DENNIS THOMPSON, Cook | ) | |
| County Deputy Sergeant BRAZELTON, | ) | |
| Cook County Sheriff Deputy FELIX, | ) | |
| Cook County Cermak Medical Assistant | ) | |
| VASQUEZ, Cook County Cermak Doctor | ) | |
| MARI, Cook County Cermak Doctor | ) | |
| MACNEAL, and AS-YET UNKNOWN | ) | |
| COOK COUNTY SHERIFF DEPARTMENT | ) | |
| AND CERMAK EMPLOYEES, | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Now Comes Plaintiff, JOHN HOLLIMAN, by and through his counsel, LOEVY &

LOEVY, and complains of Defendants COOK COUNTY, ILLINOIS; the SHERIFF OF COOK

COUNTY, ILLINOIS; former Cook County Sheriff Deputy DENNIS THOMPSON, Cook

County Deputy Sergeant BRAZELTON, Cook County Sheriff Deputy FELIX, Cook County

Cermak Medical Assistant VASQUEZ, Cook County Cermak Doctor MARI, Cook County

Cermak Doctor MACNEAL, and AS-YET UNKNOWN COOK COUNTY SHERIFF

DEPARTMENT AND CERMAK EMPLOYEES (collectively "Individual Defendants"), as

follows:

**Introduction**

1.      Plaintiff was repeatedly sexually abused by former correctional officer Dennis Thompson while incarcerated at the Cook County Jail. The dates of abuse occurred in or around November 2013 and continued approximately each day through July of 2014, ending only when Plaintiff was transferred to the Illinois Department of Corrections. Defendant Thompson resigned from his position as a Cook County Sheriff's Deputy in October 2014 after an investigation by the Office of Professional Review. His conduct is now the subject of a criminal investigation by the State's Attorney's Office.

2.      Specifically, the abuse suffered by Plaintiff took place in Division #2 of the Cook County Department of Corrections. Division #2 houses detainees who require medical treatment. Defendant Thompson was assigned to the Division #2 Dispensary and utilized his position to ensure that Plaintiff, who required medical treatment, received his medical treatment during his shift. Defendant Thompson repeatedly ensured that he was inappropriately alone with Plaintiff while Plaintiff was in the Division #2 Dispensary, a fact that was known or should have been known to the Individual Defendants, who took no steps to intervene or prevent the abuse from occurring.

**Jurisdiction and Venue**

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367, as Plaintiff asserts claims under federal law and the state law claims arise out of the same facts as the federal claims. Venue is proper under 28 U.S.C. §1391(b) as Defendants are physically situated in this judicial district and the events giving rise to the claims all occurred here.

**Parties**

4.     Plaintiff, JOHN HOLLIMAN, at all times relevant hereto, was an inmate in the Cook County Jail, located in the County of Cook, State of Illinois.

5.     The County of Cook is a duly constituted county and body politic, located in the State of Illinois. Cermak Health Services is a Cook County Department.

6.     Defendant THOMAS DART is the SHERIFF OF COOK COUNTY, and was the Sheriff throughout the relevant time period. In his official capacity he is in charge of the Cook County Department of Corrections. By law, custom, and/or delegation, he has policymaking authority over the Department of Corrections for the actions at issue. His is responsible for ensuring that the policies and practices of the Department of Corrections comply with federal and state requirements for the treatment of detainees, including that detainees are supervised in a way that provides them with humane, safe detentions. Dart is sued in his official capacity for the challenged actions and omissions.

7.     Defendants THOMPSON and FELIX, at all times relevant hereto, were Cook County Deputy Sheriffs employed by the Cook County Sheriff's Department, working as correctional officers at the Cook County Jail. At all times relevant hereto, Defendants Thompson and Felix were acting under color of law and in their capacity as a Cook County Deputy Sheriff.

8.     Defendant BRAZELTON, at all times relevant hereto, was a Cook County Deputy Sergeant employed by the Cook County Sheriff's Department, working as a Sergeant at the Cook County Jail. At all times relevant hereto, Defendant Brazelton was acting under color of law and in his capacity as a Cook County Deputy Sergeant.

9.     Defendants Cook County Cermak Medical Assistant VASQUEZ, Cook County Cermak Doctor MARI, and Cook County Cermak Doctor MACNEAL, at all relevant times

3

hereto, were employed by Cermak Health Services, a Department of Cook County, and working

within the Cook County Jail. At all relevant times hereto, Cook County Cermak Medical

Assistant Vasquez, Cook County Cermak Doctor Mari, and Cook County Cermak Doctor

MacNeal were acting under color of law and in their capacity as employees of Cook County,

Illinois.

**Count I – Pursuant to 42 U.S.C. §1983**
**Fourth Amendment**

10.     Each paragraph of this Complaint is incorporated herein.

11.     As described in this Complaint, DEFENDANT THOMPSON violated Plaintiff's

Fourth Amendment right to be free from unreasonable search and seizure.

12.     The misconduct described in this Count was objectively unreasonable and was

undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

13.     The misconduct described in this Count was undertaken with malice, willfulness,

and reckless indifference to the rights of others.

14.     The misconduct described in this Count was undertaken pursuant to the policy

and practice of the Cook County Sheriff's Department in that:

    a.     As a matter of both policy and practice, the Cook County Sheriff's

        Department directly encourages, and is thereby the moving force behind, the very

        type of misconduct at issue here by failing to adequately train, supervise and

        control its employees, such that its failure to do so manifests deliberate

        indifference;

    b.     As a matter of both policy and practice, the Cook County Sheriff's

        Department facilitates the very type of misconduct at issue here by failing to

        adequately punish and discipline prior instances of similar misconduct at issue

4

here, thereby leading Cook County Sheriff Department employees to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those that affected Plaintiff; specifically, Cook County Sheriff Department employees accused of sexual misconduct against detainees can be confident that the Cook County Sheriff's Department will not investigate such accusations in earnest and will refuse to recommend discipline even where the employee has engaged in sexual misconduct constituting an unreasonable seizure in violation of the Fourth Amendment;

c.      Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Cook County Sheriff's Department abuse citizens in a manner similar to that alleged by Plaintiff, yet the Cook County Sheriff's Department makes findings of wrongdoing in a disproportionately small number of cases;

d.      Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Cook County Sheriff's Department, by which employees fail to report misconduct committed by other employees, such as the misconduct at issue in this case;

e.      The Cook County Sheriff's Department has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

15.      The misconduct described in this Count was undertaken by Defendants within the scope of their employment and under color of law such at their employer, the Cook County Sheriff's Department, is liable for their actions.

5

16.     As a result of the unjustified and unreasonable conduct of the Defendants, as well as the Cook County Sheriff's Department policy and practice, Plaintiff has suffered injuries, including emotional distress.

## Count II – 42 U.S.C. §1983
## Fourteenth Amendment

17.     Each paragraph of this Complaint is incorporated herein.

18.     As described within this Complaint, the INDIVIDUAL DEFENDANTS denied Plaintiff due process of law in that they engaged in arbitrary government action that deprived him of his liberty and was so malfeasant as to shock the conscience.

19.     The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others, and was objectively unreasonable.

20.     The misconduct described in this Count was undertaken pursuant to the policy and practice of the County of Cook and the Cook County Sheriff's Department in the manner described more fully above.

21.     As a result of the misconduct described in this Count, Plaintiff has suffered damages, including but not limited to emotional distress.

## Count III – 42 U.S.C. §1983
## Conspiracy

22.     Each paragraph of this Complaint is incorporated herein.

23.     As described more fully above, the INDIVIDUAL DEFENDANTS reached an agreement among themselves to deprive Plaintiff of his constitutional rights.

24.     In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

25.     The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

26.     The misconduct described in this Count was undertaken pursuant to the policy and practice of the County of Cook and the Cook County Sheriff's Department in the manner described more fully above.

27.     As a direct and proximate result of the illicit prior agreement referenced above, Plaintiff's rights were violated and he suffered injuries, including, but not limited to emotional distress.

**Count IV – 42 U.S.C. §1983**
**Failure to Intervene**

28.     Each paragraph of this Complaint is incorporated herein.

29.     As described more fully above, one or more of the INDIVIDUAL DEFENDANTS had a reasonable opportunity to prevent the violation of Plaintiff's constitutional rights as set forth above had they been so inclined, but failed to do so.

30.     The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

31.     The misconduct described in this Count was undertaken pursuant to the policy and practice of the County of Cook and the Cook County Sheriff's Department in the manner described more fully above.

32.     As a result of the misconduct described in this Count, Plaintiff has suffered damages, including but not limited to emotional distress.

## Count V– Illinois State Law
## Assault and Battery

33.     Each paragraph of this Complaint is incorporated herein.

34.     As described more fully above, DEFENDANT THOMPSON'S conduct constituted unjustified and offensive physical contact. Defendant's conduct proximately caused Plaintiff's injuries.

35.     The misconduct described in this Count was undertaken with malice, was willful and wanton, was recklessly indifferent to the rights of others, and was objectively unreasonable.

36.     The misconduct described in this Count was undertaken by Defendant within the scope of his employment and under color of law such that his employer, the Cook County Sheriff's Department, is liable for his actions.

37.     As a result of the misconduct described in this Count, Plaintiff has suffered damages, including but not limited to emotional distress and anguish.

## Count VI – Illinois State Law
## Conspiracy

38.     Each paragraph of this Complaint is incorporated herein.

39.     As described more fully in the preceding paragraphs, the INDIVIDUAL DEFENDANTS entered into an agreement among themselves to participate in an unlawful act or act in an unlawful manner toward Plaintiff, including by conspiring to allow Defendant Thompson to sexually assault Plaintiff.

40.     The Defendants committed one or more overt acts to further their common scheme of participating in an unlawful manner toward Plaintiff.

41.     As a proximate result of this conspiracy, Plaintiff suffered damages, including but not limited to emotional distress.

42.     The misconduct described in this Count was undertaken by Defendants within the scope of their employment and under color of law such that their employer, the County of Cook and the Cook County Sheriff's Department, is liable for their actions.

**Count VII – Illinois State Law
Respondeat Superior**

43.     Each paragraph of this Complaint is incorporated herein.

44.     In committing the acts alleged in the preceding paragraphs, the INDIVIDUAL DEFENDANTS were members and agents of the County of Cook and the Cook County Sheriff's Department acting at all relevant times within the scope of their employment.

45.     Defendants Cook County and the Cook County Sheriff's Department are liable as principal for all torts committed by their agents.

**Count VIII – Indemnification**

46.     Each paragraph of this Complaint is incorporated herein.

47.     Illinois law requires public entities to pay any tort judgment for compensatory damages against an employee acting within the scope of his or her employment.

48.     The INDIVIDUAL DEFENDANTS are or were employees of the COUNTY OF COOK and the COOK COUNTY SHERIFF'S DEPARTMENT who acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, Plaintiff, JOHN HOLLIMAN, respectfully requests that this Court enter judgment in his favor and against Defendants COOK COUNTY, ILLINOIS; the SHERIFF OF COOK COUNTY, ILLINOIS; former Cook County Sheriff Deputy DENNIS THOMPSON, Cook County Deputy Sergeant BRAZELTON, Cook County Sheriff Deputy FELIX, Cook County Cermak Medical Assistant VASQUEZ, Cook County Cermak Doctor MARI, Cook County Cermak Doctor MACNEAL, and AS-YET UNKNOWN COOK COUNTY SHERIFF'S

9

DEPARTMENT AND CERMAK EMPLOYEES (collectively "Individual Defendants"),

awarding compensatory damages and attorneys' fees, as well as punitive damages against the

Defendants in their individual capacities, as well as any other relief this Court deems just and

appropriate.

## JURY DEMAND

Plaintiff, JOHN HOLLIMAN, hereby demands a trial by jury pursuant to Federal Rule of

Civil Procedure 38(b) on all issues so triable.

RESPECTFULLY SUBMITTED,

/s/ Gretchen Helfrich_____
*Attorney for Plaintiff*

Jon Loevy
Gretchen Helfrich
LOEVY & LOEVY
312 N. May Street, Suite 100
Chicago, IL 60607
(312) 243-5900