IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN HOLLIMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DENNIS THOMPSON, | ) |
| former Cook County Sheriff's deputy, | ) |
| | ) Case No. 15 CV 9050 |
| Defendant, | ) |
| | ) Judge Robert W. Gettleman |
| and | ) |
| | ) |
| SERGEANT BRAZELTON, | ) |
| Cook County Sheriff's deputy, and | ) |
| COOK COUNTY, ILLINOIS, | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

Plaintiff John Holliman alleges that when he was detained at the Cook County Jail, defendant Dennis Thompson—a former correctional officer for the Cook County Sheriff's Office—sexually abused him 40 times. He also alleges that Thompson and his supervisor, Sergeant Charles Brazelton, conspired to abuse him, or that Brazelton was culpably indifferent to the possibility of his abuse.

Defendant Brazelton (and defendant Cook County, which plaintiff sues as indemnitor) moves to bar the expert testimony of Richard Bard. Bard has worked 32 years for the Illinois Department of Corrections and has worked as a Correctional Officer, Deputy Director, Chief of Labor Relations, and Chief of Operations. His expert report contains four opinions:

1. Brazelton assigned Thompson to an unauthorized post detail at the Cook County Jail;

2. Brazelton violated the Cook County Jail's procedures for inmate workers by permitting plaintiff to be an inmate worker when he was ineligible;

3. Brazelton should have been more inquisitive about what Thompson and plaintiff were doing together, and that doing so may have revealed evidence of inappropriate conduct or sexual assault; and

4. Brazelton had information that Thompson was inappropriately seeking time with plaintiff and ignored it.

For the following reasons, defendants Brazelton and Cook County's motion to bar Richard Bard's expert testimony is denied.

## LEGAL STANDARD

Fed. R. Evid. 702 and Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), govern the admissibility of expert testimony. See Lewis v. CITGO Petroleum Corp., 561 F.3d 698, 705 (7th Cir. 2009). Under Rule 702, "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case."

The court serves as a "gatekeeper" to ensure that the expert's testimony "is sufficiently reliable to qualify for admission." Mihailovich v. Laatsch, 359 F.3d 892, 918 (7th Cir. 2004), citing Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 147 (1999). To do this, the court asks whether: (1) "the witness is qualified;" (2) "the expert's methodology is scientifically reliable;" and (3) "the testimony will 'assist the trier of fact to understand the evidence or to determine a

fact in issue.'" Myers v. Illinois Central Railroad Co., 629 F.3d 639, 644 (7th Cir. 2010), quoting Ervin v. Johnson & Johnson, Inc., 492 F.3d 901, 904 (7th Cir. 2007). The Seventh Circuit instructs that the court's "focus . . . must be solely on principles and methodology, not on the conclusions they generate." Winters v. Fru-Con Inc., 498 F.3d 734, 742 (7th Cir. 2007), quoting Chapman v. Maytag Corp., 297 F.3d 682, 687 (7th Cir. 2002).

The admissibility inquiry need not "take any specific form," and a district may rule on a motion to bar expert testimony without conducting a hearing. Kirstein v. Parks Corp., 159 F.3d 1065, 1067 (7th Cir. 1998).

## DISCUSSION

Defendants Cook County and Charles Brazelton argue that: (1) Bard's testimony would not help the jury; (2) Bard's testimony would usurp the jury's role as factfinder; and (3) Bard is unqualified and his methodology is unreliable.

**1      Helpfulness to the jury**

Defendants argue that Bard's opinions do not rely on specialized knowledge, and that his opinions therefore are within the understanding of the average layperson. See Dhillon v. Crown Controls Corp., 269 F.3d 865, 871 (7th Cir. 2001) (holding that the district court did not abuse its discretion in excluding expert testimony that was "based on common sense").

The court disagrees. Bard, a correctional officer for 32 years, will testify that inmate workers are highly desirable positions; that post orders authorize officer assignments; that sergeants should keep a lookout for an abuse of authority; that sergeants should be aware of the duties assigned to inmate workers; that sergeants should be aware when an assignment takes an unexpectedly-long time to complete; that sergeants should investigate unusual exceptions to worker policies (such as plaintiff's selection despite his high bond); and that sergeants should

look askance at hand-written names added to a computer-generated list of inmates with medical appointments. These topics are not within the understanding of the average layperson. Bard's testimony, which is based on much more than common sense, will "help the trier of fact to understand the evidence" under Rule 702 by putting it into its specialized context: the daily operations of a corrections facility.

**2        Usurping the jury's role**

Defendants argue that Bard's opinions rely on certain items of evidence—the jail's post orders, a diagram of the dispensary, and the deposition testimonies of Sergeant Brazelton, Commander Frank Arce, and inmate Aaron Roundtree—while ignoring others, and without visiting the Cook County Jail. That, according to defendants, usurps the jury's function to weigh evidence and make credibility determinations.

The court disagrees. Defendants' objections concern only the weight that the jury ought to give Bard's testimony. The parties genuinely dispute, based on the depositions and other record evidence, whether Brazelton had control over Thompson's post in the back of the dispensary, whether that post was proper, whether Brazelton knew about plaintiff's name being handwritten on a typed list, and whether Brazelton knew or should have known about Thompson's abuse. In arriving at his opinions, Bard necessarily made certain assumptions about the record evidence—as all experts do—crediting some items of evidence and discrediting others.

Defendants argue that Bard's assumptions are unreliable and undermined by other evidence, but "[t]he reliability of data and assumptions used in applying a methodology is tested by the adversarial process and determined by the jury"—not by the court. Manpower, Inc. v. Insurance Co. of Pennsylvania, 732 F.3d 796, 808 (7th Cir. 2013). At trial, defendants may attempt to blunt Bard's testimony using "traditional and appropriate means of attacking shaky

but admissible evidence"—"[v]igorous cross-examination" and the "presentation of contrary evidence," Daubert, 509 U.S. at 596—but whether to credit his testimony is up to the jury.

### 3  Qualifications and reliability of methodology

Defendants acknowledge that Bard has much experience as a correctional officer, but fault him for lacking experience in prison sexual assault investigations or in officer-on-inmate relationships. They argue that Bard is unqualified to testify as an expert.

The court disagrees. Bard's decades of corrections experience, particularly as Chief of Operations, qualify him to testify about correctional practices. That experience includes his handling of disciplinary issues, his reviews of prisoner movement practices, and his proposals and implementations of changes to prison policy. See also Awalt v. Marketti, 11 CV 6142, Doc. 281 at 25–27 (N.D. Ill. Aug. 22, 2014) (Durkin, J.) (transcript of oral ruling that Bard was "well-qualified to offer opinions about the proper operation of correctional facilities . . . .") Defendants' objections to Bard's lack of specific experience in prison sexual assaults is, as Judge Durkin said, "classic cross-examination." Id. at 26.

Defendants also argue that Bard's opinions are assertions of his subjective beliefs unconnected to any reliable methodology. Once again, the court disagrees. When an expert's testimony relies "not on his subjective belief or unsupported speculation but rather on his extensive experience," his testimony is reliable under Rule 702. Bard relied on his corrections experience to reach his opinions about the standard of care and accepted practices in the corrections setting. His opinions are tethered to his experience—they incorporate, for example, his knowledge of the ways that correctional officers can abuse their power to control inmates and his knowledge of unusual events that should trigger supervisory follow-up. "Talking off the cuff—deploying neither data nor analysis—is not an acceptable methodology," Lang v. Kohl's

Food Stores, Inc., 217 F.3d 919, 924 (7th Cir. 2000), but that is not the methodology Bard deploys. His methodology is reliable under Rule 702.

## CONCLUSION

Defendants Cook County and Charles Brazelton's motion to bar the expert testimony of Richard Bard (Doc. 202) is denied.

**ENTER:** **March 25, 2019**

**Robert W. Gettleman**
**United States District Judge**